J-A05010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMIN HALL | |
| Appellant | No. 834 EDA 2014 |

Appeal from the Judgment of Sentence July 15, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0903091-2005

BEFORE:  GANTMAN, P.J., SHOGAN, J., and ALLEN, J.

MEMORANDUM BY GANTMAN, P.J.:　　　　　　　　**FILED MARCH 09, 2015**

Appellant, Amin Hall, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his revocation of probation.  We affirm.

The relevant facts and procedural history of this case are as follows. On December 2, 2005, following a bench trial, the court convicted Appellant of possession of a controlled substance with the intent to deliver ("PWID").[1] The court sentenced Appellant on July 19, 2006, to one (1) to two (2) years' imprisonment, plus two (2) years' probation.  Appellant committed new crimes while on probation, resulting in convictions for persons not to possess firearms and possession of a controlled substance; the court sentenced

---

[1] 35 P.S. § 780-113(a)(30).

Appellant on September 16, 2009, to an aggregate term of five (5) to ten (10) years' imprisonment for these new offenses.

On July 15, 2010, the court held a revocation of probation ("VOP") hearing with respect to Appellant's underlying PWID conviction. Based on Appellant's new convictions, the court revoked Appellant's probation and resentenced him to two (2) to four (4) years' imprisonment, consecutive to Appellant's five (5) to ten (10) year sentence for the new crimes. At the conclusion of the VOP hearing, counsel ("VOP counsel") agreed on the record to file post-sentence motions and a direct appeal for Appellant. Nevertheless, counsel filed nothing.

On August 1, 2011, Appellant filed a *pro se* document titled "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*," asking the court to consider running his PWID sentence concurrent to his persons not to possess firearms and possession of a controlled substance sentences, based on Appellant's need to care for his children. The court properly treated Appellant's motion as a petition under the Post Conviction Relief Act ("PCRA").[2] The court appointed counsel ("PCRA counsel") on February 13, 2012, who filed an amended PCRA petition on May 10, 2012. In the amended petition, Appellant sought reinstatement of both his post-sentence and his direct appeal rights *nunc pro tunc*, based on VOP counsel's failure to file post-

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

sentence motions and a direct appeal as requested. The Commonwealth filed a motion to dismiss on June 14, 2013, agreeing only to reinstatement of Appellant's direct appeal rights *nunc pro tunc*, but opposing Appellant's request for reinstatement of post-sentence rights *nunc pro tunc*. On December 13, 2013, the court granted reinstatement of Appellant's direct appeal rights *nunc pro tunc*.[3] Appellant timely filed a *nunc pro tunc* notice of appeal on Monday, January 13, 2014. On May 8, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on May 16, 2014.

Appellant raises one issue for our review:

IS APPELLANT ENTITLED TO [A] NEW SENTENC[ING] HEARING?

(Appellant's Brief at 2).

_____

[3] The court did not expressly rule on Appellant's request for reinstatement of post-sentence rights *nunc pro tunc*. The December 13, 2013 docket entry states: "Order GRANTING motion for Appeal rights to be reinstated Nunc Pro Tunc[.]" There is also a March 21, 2014 docket entry, which contains the court's signature, stating: "Order Granting Reinstatement of Appellate Rights Nunc Pro Tunc to Superior Court." The certified record does not contain separate December 13, 2013 or March 21, 2014 orders. Additionally, the trial court opinion indicates in its recitation of the procedural history of the case that the parties agreed to reinstatement of Appellant's appeal rights *nunc pro tunc*, but the court does not mention any decision regarding reinstatement of Appellant's post-sentence rights *nunc pro tunc*. Based on this record, we infer the court's reinstatement of only Appellant's direct appeal rights *nunc pro tunc* effectively denied Appellant's request for reinstatement of post-sentence rights *nunc pro tunc*.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, we unequivocally hold that this Court's scope of review on appeal from revocation sentencing also includes discretionary sentencing challenges).

Appellant argues the court failed to state sufficient reasons for imposition of the revocation sentence on the record, aside from mentioning that the court wanted Appellant to stay out of trouble. Appellant claims the court's failure to explain its sentencing rationale contravenes the requirements of Pa.R.Crim.P. 708.[4] Appellant emphasizes that the court lacked the benefit of a pre-sentence investigation ("PSI") report when fashioning the revocation sentence. Appellant maintains the court's imposition of the revocation sentence consecutive to his firearms and simple possession sentences was harsh and unreasonable, where the court was

---

[4] Appellant relies on Rule 708(C)(2), which at the time of Appellant's VOP hearing required the court to state on the record the reasons for the sentence imposed at a revocation/sentencing proceeding. *See* Pa.R.Crim.P. 708(C)(2) (effective July 1, 2002). The current version of the Rule contains this same language at subsection (D)(2). *See* Pa.R.Crim.P. 708(D)(2) (amended March 15, 2013; effective May 1, 2013).

unaware of the circumstances of Appellant's new offenses. Appellant insists the court ignored the factors set forth at 42 Pa.C.S.A. § 9721(b), which require the court to consider the protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and Appellant's rehabilitative needs. Appellant complains the court did not consider Appellant's age, background, family history, and rehabilitative needs. Appellant concludes the court's revocation sentence was manifestly excessive, an abuse of discretion, and unreasonable, and this Court must vacate the sentence and remand for a new sentencing hearing. As presented, Appellant's issue challenges the discretionary aspects of his sentence. *See Cartrette, supra* (explaining claim sentencing court failed to follow Section 9721(b) factors pertains to discretionary sentencing matters); *Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (stating claim sentence is harsh and unreasonable challenges discretionary aspects of sentencing); *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing); *Commonwealth v. Twitty*, 876 A.2d 433 (Pa.Super. 2005), *appeal denied*, 586 Pa. 749, 892 A.2d 823 (2005) (stating claim sentencing court failed to state adequate reasons on record for sentence presents challenge to discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal*

*denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining allegation court ignored mitigating factors challenges discretionary aspects of sentencing). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. **Griffin, supra** at 935-36. **See also** Pa.R.Crim.P. 708(D) (effective July 1, 2002) (stating motion to modify sentence imposed after revocation shall be filed within 10 days of date of imposition).[5]

Where the court reinstates direct appeal rights *nunc pro tunc*, the appellant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **Id.** at 20 n.9, 977 A.2d at 1095 n.9. **Compare Commonwealth v. Fransen**, 986 A.2d 154 (Pa.Super. 2009) (holding PCRA petitioner who obtains reinstatement of direct appeal rights *nunc pro tunc* is not entitled to reinstatement of post-sentence rights *nunc pro tunc* if he did not request that relief with PCRA court, and if court did not hold evidentiary hearing on that issue; appellant's

_____

[5] The current version of the Rule contains this same language at subsection (E). **See** Pa.R.Crim.P. 708(E) (amended March 15, 2013; effective May 1, 2013).

claim that he was entitled to file post-sentence motions and to have benefit of evidentiary hearing warranted no relief where appellant did not plead or prove in PCRA petition that he was deprived of right to file post-sentence motions).[6]

Instantly, the court revoked Appellant's probation and resentenced him for the PWID conviction on July 15, 2010. At the conclusion of the hearing, VOP counsel agreed on the record to file post-sentence motions and a direct appeal as Appellant requested, but counsel failed to do so. On August 1, 2011, Appellant filed a *pro se* motion to modify and reduce sentence *nunc pro tunc*, raising a challenge to the discretionary aspects of sentencing. The court properly treated Appellant's motion as a PCRA petition and appointed PCRA counsel, who subsequently filed an amended PCRA petition seeking reinstatement of both post-sentence and direct appeal rights *nunc pro tunc*. In the petition, Appellant specifically pled that he

---

[6] We recognize this Court's decision in **Commonwealth v. Corley**, 31 A.3d 293 (Pa.Super. 2011), in which this Court declined to find waiver of a defendant's discretionary aspects of sentencing challenge because the defendant was denied counsel entirely throughout the post-sentence and direct appeal process based on counsel's withdrawal at sentencing, and the court denied the defendant's request to file post-sentence motions *nunc pro tunc*. **Corley** dealt with the complete denial of counsel, rather than the ineffectiveness of counsel. **See id.** at 297 (distinguishing **Liston** and **Fransen** as applicable to claims of ineffective assistance of counsel; where appellant was denied counsel entirely throughout post-sentence and direct appeal period when he was constitutionally entitled to counsel, reinstatement of appellate rights *nunc pro tunc* was not based on ineffective assistance of counsel; it was based on complete denial of counsel, so rationale underlying **Liston** and **Fransen** is inapplicable).

requested VOP counsel to file post-sentence motions and a direct appeal at the conclusion of the VOP hearing; VOP counsel agreed to do so but took no action. Additionally, Appellant again raised a challenge to the discretionary aspects of sentencing. The Commonwealth responded to the PCRA petition with a motion to dismiss, in which the Commonwealth agreed to reinstatement of Appellant's direct appeal rights *nunc pro tunc* but opposed Appellant's request for reinstatement of post-sentence rights *nunc pro tunc*.[7] On December 13, 2013, the court granted reinstatement of Appellant's direct appeal rights *nunc pro tunc*.[8] On Monday, January 13, 2014, Appellant timely filed a *nunc pro tunc* notice of appeal.

Consistent with **Liston** and **Fransen**, Appellant pled in his amended

---

[7] The Commonwealth argued that a defendant seeking reinstatement of post-sentence rights *nunc pro tunc* must prove prejudice (which the Commonwealth interpreted as meaning, but for VOP counsel's failure to timely object, the court would have imposed a different sentence). (**See** Commonwealth's Motion to Dismiss, filed 6/14/13, at 3.) In support of this proposition, the Commonwealth cites a passage in **Liston**. Nevertheless, the quoted portion of **Liston** appears in the **Liston** Court's recitation of the Commonwealth's argument—not the Court's actual analysis. Further, **Liston** expressly stated that a PCRA court is not prohibited from reinstating a defendant's right to file post-sentence motions *nunc pro tunc* if the defendant successfully pleads and proves **he was deprived of the right to file and litigate post-sentence motions** as a result of ineffective assistance of counsel. **Liston, supra** at 20 n.9, 977 A.2d at 1095 n.9. Notably, **Liston** mentioned no requirement that a defendant also plead and prove the court would have granted sentencing relief had counsel timely objected. **See id.**

[8] The court's ruling effectively denied Appellant's request for reinstatement of post-sentence rights *nunc pro tunc*.

PCRA petition that VOP counsel was ineffective for failing to file a requested post-sentence motion and a requested notice of appeal. *See Liston, supra*; *Fransen, supra*. Appellant also asked the court for a hearing, in the event the court required more evidence to decide Appellant's petition. Notwithstanding Appellant's request, the court declined to hold a hearing and granted reinstatement of Appellant's direct appeal rights *nunc pro tunc*. Per *Fransen*, remand for an evidentiary hearing might be an appropriate remedy in this situation to afford the appellant an opportunity to offer proof that counsel failed to file post-sentence motions as requested. *See Fransen, supra*.

Under the circumstances of this case, however, VOP counsel agreed on the record at the conclusion of the VOP hearing to file post-sentence motions and a direct appeal on Appellant's behalf. (*See* N.T. VOP Hearing, 7/15/10, at 9-10.) But for VOP counsel's failure, Appellant would have filed post-sentence motions, which is the prejudice *Liston* anticipated.[9] *See Liston, supra*. Further, the court's Rule 1925(a) opinion addressed Appellant's discretionary aspects of sentencing claim. Thus, the court has already

_____

[9] Appellant consistently raised a challenge to the discretionary aspects of sentencing throughout these proceedings. Issues related to the discretionary aspects of sentencing had to be raised at sentencing or in a post-sentence motion. *See Griffin, supra*. Appellant asked for restoration of his right to file post-sentence motions *nunc pro tunc*. Therefore, restoration of Appellant's direct appeal rights *nunc pro tunc* without restoration of Appellant's post-sentence rights *nunc pro tunc*, as requested, was essentially an empty gesture.

examined the issue Appellant wanted to raise in the post-sentence motions *nunc pro tunc*. For these reasons, remand is unnecessary, and we decline to find waiver of Appellant's challenge to the discretionary aspects of his sentence. Therefore, we proceed with our merits-based analysis of Appellant's sentencing issue.[10]

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). This Court must evaluate what constitutes a substantial question on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the

---

[10] We reject the Commonwealth's argument that Appellant waived his sentencing challenge for failure to file post-sentence motions, particularly where the Commonwealth opposed reinstatement of Appellant's post-sentence rights *nunc pro tunc*.

sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Rather, a substantial question exists "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id.* *See, e.g., Cartrette, supra* (indicating claim that revocation court ignored appropriate sentencing factors set forth in Section 9721(b) raises substantial question); *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006) (holding defendant's claims that sentencing court did not state on record any reasons for sentence, imposed sentence of total confinement without discussing necessary factors, and imposed sentence excessive and disproportionate to underlying technical probation violations raised substantial questions warranting appellate review). An allegation that the sentencing court failed to consider a specific mitigating factor, however, does not necessarily raise a substantial question. *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

To the extent Appellant complains the sentencing court did not adequately consider specific mitigating factors, such as his age, background,

family history, and rehabilitative needs, this allegation does not raise a substantial question. *See id.* Likewise, Appellant's bald allegation of manifest excessiveness and unreasonableness does not warrant our review. *See Mouzon, supra*. Additionally, Appellant's challenge to the court's imposition of consecutive sentences does not raise a substantial question. *See Commonwealth v. Marts*, 889 A.2d 608 (Pa.Super. 2005) (explaining sentencing court has discretion to impose its sentences concurrently or consecutively to other sentences imposed at same time **or to sentences already imposed**; any challenge to exercise of this discretion ordinarily does not raise substantial question). Nevertheless, Appellant's claims that the court failed to state adequate reasons on the record for its sentence and ignored the factors set forth at Section 9721(b) do raise substantial questions which warrant review. *See Cartrette, supra*; *Malovich, supra*.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321 (Pa.Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S.A. § 9771(c).

The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa.Super. 2001).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id.** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence…." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Id. See also Commonwealth v. Devers**, 519 Pa. 88, 546 A.2d 12 (1988) (explaining that when sentencing court has benefit of PSI report, this Court can assume court was aware of relevant

information regarding defendant's character and weighed those considerations along with mitigating factors; thus, court's requirement to state reasons on record for sentence imposed is satisfied where court is informed by PSI report); **Commonwealth v. Carrillo-Diaz**, 64 A.3d 722 (Pa.Super. 2013) (explaining where revocation court presided over defendant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

Here, the court explained its revocation sentencing rationale as follows:

> First, a review of the record shows that the [c]ourt properly found [A]ppellant in direct violation of [his] probation by being convicted of new offenses…. Accordingly, there are no meritorious issues to be raised on appeal in regard to propriety of the revocation of [A]ppellant's probation.
>
> Second, [A]ppellant claims that the court erred in not ordering a presentence investigation report. … This [c]ourt did review the hearing summary and all relevant details of [A]ppellant's new case in open court as well as the prior violation case. This [c]ourt reviewed the PARS report (Summary) for the new VUFA case and examined all of the relevant factors needed to craft an appropriate sentence. This [c]ourt had the benefit of having previous interaction with [A]ppellant in his prior case, thus observing him and fashioning a sentence for him in 2006. In the present instance, this [c]ourt conducted an open dialogue with [A]ppellant to enable the [c]ourt to gain further insight into [A]ppellant's explanations for his conduct (or conduct omissions). Furthermore, the [c]ourt offered [A]ppellant an opportunity to speak by stating,

"[Appellant], is there anything you would like to say to me today, sir?" [A]ppellant replied "No."

* * *

In the instant case, the [c]ourt took into consideration public protection as well as the gravity of the offense in deciding the length of [A]ppellant's sentence as well as whether or not [A]ppellant's sentence[s] should run consecutive. The facts of this case are indeed egregious and while the rehabilitative needs of [A]ppellant must always be considered, the protection of the public is the more viable concern in this instance.

Having had prior contact with [A]ppellant, this [c]ourt was in the best position to view [A]ppellant's character, displays of remorse, defiance or indifference as well as the overall effect and nature of the crime.

Accordingly, in the instant case the sentence did not exceed the statutory maximum nor has [A]ppellant claimed that the sentence resulted from a bias. There was nothing unreasonable about the sentence. This [c]ourt revoked [Appellant's] probation and sentenced him to two (2) to four (4) years confinement (consecutive) after a careful review of all relevant information. Therefore, [A]ppellant's Violation of Probation sentence is a proper application of judicial discretion.

For these reasons, [A]ppellant's sentence should be affirmed.

(Trial Court Opinion, filed July 21, 2014, at 2-5) (internal citations omitted).

We see no reason to disrupt the court's analysis. *See Hoover, supra*.

Here, the revocation court presided over Appellant's original PWID trial and sentencing. At the time of the original sentencing, the court had the benefit of a PSI report. During the VOP hearing, the Commonwealth provided the court with a summary of the facts underlying Appellant's new

convictions for persons not to possess firearms and simple possession. Thus, the record belies Appellant's claim that the court was unaware of the circumstances of Appellant's new offenses. The Commonwealth also informed the court that Appellant's new firearms conviction constituted Appellant's second violation of the Uniform Firearms Act. The court explained to Appellant that the court had warned him to stay out of trouble at his original sentencing hearing, but Appellant failed to do so. The court also offered Appellant the opportunity to address the court, but Appellant declined. Consequently, the court revoked Appellant's probation and resentenced him to two (2) to four (4) years' imprisonment for his PWID conviction. The record as a whole makes clear the revocation court considered the facts of Appellant's case and his character per Section 9721(b), and set forth adequate reasons to justify the VOP sentence. **See Devers, supra**; **Carrillo-Diaz, supra**; **Crump, supra**. Thus, Appellant is not entitled to relief. **See Hoover, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2015

- 16 -